IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-1936 T
(Senior Judge Merow)

GUARDIAN INDUSTRIES CORP. AND SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

# DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's order of November 8, 2004, defendant submits this response to plaintiff's letter of November 3, 2004, discussing a newly-released announcement by the Luxembourg tax authority.

The focus of plaintiff's letter, and this response, is a September 2004 Circular Letter issued by the Luxembourg tax administration (the "2004 Circular Letter"). Defendant's expert on Luxembourg law, Maitre Andre Elvinger, was familiar with the 2004 Circular Letter, has considered it in relation to the issues in this case, and has prepared the attached supplemental report. That supplemental report makes the following points:

1. The 2004 Circular Letter was issued to address statutory changes enacted into Luxembourg tax law in December 2001, and which do not apply to the year in suit – 2001.

2. The 2004 Circular Letter was not issued to address the specific questions in dispute in this litigation.

3. The specific sentence fragments from the 2004 Circular Letter referenced in plaintiff's counsel's letter do not (and could not) establish which Luxembourg entities were the taxpayer subject to the Luxembourg taxes.

4. Other portions of the 2004 Circular Letter, which plaintiff's counsel ignores, reinforce the conclusion Maitre Elvinger expressed in previous submissions to the Court that Luxembourg computes the taxable income of the consolidated group using an income aggregation approach – not the income attribution approach plaintiff and Dr. Steichen claim. In addition, the 2004 Circular Letter supports Maitre Elvinger's opinion that Luxembourg tax authorities could retroactively revoke permission to file a consolidated return if the consolidated group failed to pay its tax liability. The Circular does so by describing a procedure for retroactive revocation of an election to file a consolidated return where a group makes an election to file a consolidated return, but later fails to satisfy the statutory requirements.

5. In any event, the 2004 Circular Letter, like all other similar documents issued by the Luxembourg tax administration, does not constitute law and is binding upon neither taxpayers nor the Luxembourg tax authorities.

Respectfully submitted,

/s Stuart J. Bassin

______________________

STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

December 3, 2004

ELVINGER, HOSS & PRUSSEN
AVOCATS A LA COUR

ANDRE ELVINGER
JEAN HOSS
YVES PRUSSEN
JACQUES ELVINGER
MARC ELVINGER
PHILIPPE HOSS
MARTINE ELVINGER
PIT RECKINGER
MANOU HOSS
PATRICK REUTER
PIERRE ELVINGER
GAST JUNCKER
PATRICK SANTER
JEROME WIGNY
MYRIAM PIERRAT
FRANZ FAYOT
TOINON HOSS

2, Place Winston Churchill
B.P. 425
L-2014 Luxembourg

Tél. (352) 44 66 440
Fax (352) 44 22 55

U.S. Department of Justice
attention Mr Stuart J. Bassin
Attorney
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
United States

Luxembourg, 1st December 2004

O/Ref. : AE/MW
Re : Guardian Industries Corp. v. United States
Fed. Cl. No. 02-1936 T

Dear Mr Bassin,

You have asked me to examine plaintiff's submission dated November 3, 2004 dealing with Circular Letter LIR Nr. 164 bis /1 of September 27, 2004 (the "Circular").

1. The Circular does not constitute statute[1]. As its name indicates, it is an administrative instruction sent by the Director of taxes to the local tax offices to serve as guidance for applying the law. Circulars are not published in the Official Journal (Mémorial, Journal Officiel du Grand-Duché de Luxembourg, Recueil de Législation). They are sometimes edited in whole or in part in the "Code fiscal", an unofficial collection of tax laws, or made available to interested tax advisors on demand, and more recently, distributed on the tax administration's website. The Circular serves the purpose of practical guidance for the application of law. A circular is binding neither on the tax administration, except by application of the principle of good faith, nor on the tax payer.

2. As explained in its sections 1.1 and 1.3, the Circular addresses the consolidated taxation regime under the law of 21st December 2001 and subsequent

---

[1] See my report to you of 18th December 2003, Section 25, note 32

specific amendments[2], all of which were not in force for the fiscal year 2001 which is the subject of this litigation. As mentioned in a footnote under page 1 of the Circular, it replaces Circular LIR 86 of 17th February 1982 which applied during the fiscal year 2001.

3. The purpose of the Circular is to provide guidance on certain matters which may have remained unclear so far concerning the determination of consolidated taxable income and of the tax applying to such income. The tax administration's Newsletter of 29th September 2002, a copy of which is attached hereto, notes that the following questions are analysed in the Circular:

- the minimum duration of the consolidated taxation regime;
- the treatment of losses suffered during the period of application of the regime;
- tax credit acquired before and during the period of application of the regime;
- the types of taxes which are to be credited against tax;
- the order to be followed for deductible and creditable amounts etc.

Thus the Circular was not intended to analyse the questions raised in this litigation.

The sections of the Circular quoted in plaintiff's submission of 3rd November 2004 precisely deal with the above specific matters.

4. While section 1.5.3 of the Circular begins with the wording quoted in the submission, this merely serves to introduce the description of the manner of determining consolidated income of the group which, according to the Circular, "will be finally determined by deducting from the global fiscal result of the consolidated group the special expenses (such gifts and losses carried forward) charged to the various companies covered by the consolidation".

The method to be followed for these purposes is then explained under the several subsections of 1.5.4 first to gifts (1.5.4.1), then to the carry forward of losses (1.5.4.2). The calculation example in section 1.5.4.1 purports to explain that given the limitation of deductibility of gifts to 10 % of net taxable profit, these limitations are not applied separately for each company, but in their total amount to the consolidated net taxable profit. A similar method is described in section 1.5.4.2, dealing first with losses occurred before the consolidation period, then with losses incurred during the period, with relevant calculation examples. The same applies under section 1.5.5 in respect of tax credits.

Although these subsections also begin with the fractions of sentences quoted in the submission of November 3, 2004, their purpose is clearly not, and cannot be under

---

2 dealing with special tax provisions such as in the law concerning "la titrisation" (i.e. representation of debt and other assets by securities) and the law regarding the "sociétés d'investissement en capital à risque" (i.e. provisions regarding venture capital companies)

Luxembourg constitutional law, to determine whether a company, such as a subsidiary in a consolidated group, is or remains a tax payer.

5. The same wording as in subsection 1.5.4.1 was already contained in the predecessor Circular LIR no 86 of 17th February 1982 and was commented upon by me in note 32 under section 25 of my report to you of 18th December 2003.

6. Certain sections of the Circular confirm the submissions contained in my reports to you of 18th December 2003 and 3rd August 2004.

Section 1.3, first paragraph of the Circular, in order to describe the scope of the tax consolidation system, makes the distinction between consolidated accounting and the tax consolidation regime, as I said in section 17 of my report to you of 18th December 2003.

The third paragraph, referring to the change in Article 164 bis LIR by the law of 21st December 2001, explains that the application of the tax consolidation system will consist in grouping together or offsetting the tax results of the subsidiaries and the parent company, as I said in section 18 of my report when commenting on the Decree of 1st July 1981. This further confirms that there is no "income attribution" under the consolidation system as claimed by the declarations of Dr. Alain Steichen.

More specifically, section 1.4.6 of the Circular which deals with the case where the conditions for the tax consolidation regime fail to be complied with before the expiration of the minimum five year period, notes that, if such happens, "the tax consolidation system will be refused retrospectively ..." and that accordingly "a bulletin which has already been issued will be rectified on the basis of the combined provisions of paragraph 4 (2) of the tax adaptation law and of paragraph 225 of the general taxation law "Abgabenordnung". This confirms what I submitted in section 26 of my report to you of 18th December 2003 and in section II. 3. of my report to you of 3rd August 2004 in both of which I also referred specifically to § 4 of the tax adaptation law, adding the more general provisions in paragraph 96 of the general taxation law. The Circular adds paragraph 225 AO which deals with the issue of corrected tax assessments. All this confirms the conditional nature of the consolidation regime and of the alleged non-submission to tax of the subsidiaries.

Yours very sincerely

André Elvinger