# In the United States Court of Federal Claims

No. 02-1936 T
(Filed March 31, 2005)

******************************
GUARDIAN INDUSTRIES CORP. *
AND SUBSIDIARIES, * Tax Refund; Foreign Tax
Plaintiff, * Credit; Luxembourg Law
*
v. *
*
THE UNITED STATES, *
Defendant. *
******************************

*A. Duane Webber*, Baker & McKenzie, Washington, D.C., for plaintiff.

*Stuart J. Bassin*, U. S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for defendant, with whom were *Eileen J. O'Connor*, Assistant Attorney General, *Mildred L. Seidman*, Chief, Court of Federal Claims Section, and *Steven I. Frahm*, Assistant Chief (of counsel).

## OPINION

**Merow**, *Senior Judge*

Plaintiff seeks to recover a $2,724,752 refund from the corporate income tax payment(s) it made to the Internal Revenue Service ("IRS") for 2001, based upon asserted entitlement to a foreign tax credit under 26 U.S.C. § 901(b)(1). Both parties have moved for summary judgment. For the reasons discussed below, it is determined that plaintiff is entitled to the credit sought.

## Facts

Guardian Industries Corp., a Delaware Corporation with principal corporate offices located in Auburn Hills, Michigan, is the parent company of a group of subsidiaries in the United States, referred to collectively as "Guardian." Guardian

comprises a consolidated group for United States income tax purposes. Guardian, together with its affiliates throughout the world, is a leading manufacturer of glass products for commercial and residential applications. Interguard Holding Corp. ("IHC"), a Delaware corporation, is a wholly-owned subsidiary of Guardian, and is a member of the Guardian U.S. Consolidated Group.

Within Europe, Guardian and its affiliates conduct glass manufacturing and distribution operations in various countries, including the Grand Duchy of Luxembourg ("Luxembourg"), where some 1,200 persons are employed and 3 manufacturing facilities operated, representing a capital investment of more than $200,000,000.

Effective January 1, 2001, for the purpose of payment of Luxembourg corporate income taxes (Loi de l'impot sur le revenue ("LIR"), the Luxembourg tax authorities approved the taxation of the income derived from Guardian's operation of a fiscal unitary group of Luxembourg companies on a consolidated basis pursuant to Article 164bis of the LIR.

Guardian owns its Luxembourg operations through IHC which is the sole shareholder of Guardian Industries Europe, S.a.r.l. ("GIE"), a company organized under the laws of Luxembourg as a Société à responsabilité limitée. GIE, in turn, holds the requisite controlling interests in the following Luxembourg companies: Guardian Europe, S.A.; Guardian Luxcoating, S.A.; Guardian Germany Investments, S.A.; Guardian Glass, S.A.; Guardian Luxembourg, S.A.; Guardian Luxguard I, S.A.; Guardian Luxguard II, S.A.; Guardian Automotive Europe Development & Services, S.A.; Guardian Brazil Investments, S.A. Collectively, these companies comprise the "Guardian Luxembourg Group" for consolidated taxation purposes under Article 164bis of the LIR, with GIE operating as the parent company.

On January 8, 2001, GIE filed Form 8832 with the IRS electing, effective January 1, 2001, as a foreign eligible entity with a single owner, to be disregarded as an entity separate from IHC. By a Notice, dated March 12, 2001, IRS notified GIE that the election had been approved, effective January 1, 2001. *See Dover Corp. and Subsidiaries v. Commissioner*, 122 T.C. 324 (2004).

During 2001, GIE (IHC) made or accrued advance payments to Luxembourg for 2001 LIR taxes in the amount of 3,429,074 Euros for the Guardian Luxembourg Group.

On June 4, 2002, Guardian filed its 2001 consolidated U.S. Corporation Income Tax Return (Form 1120) with the IRS. In this return Guardian treated the Luxembourg tax as allocable pro rata to the various members of the Guardian Luxembourg Group. On June 18, 2002, Guardian filed an Amended U.S. Corporation Income Tax Return for 2001 (Form 1120X) claiming a refund of $2,855,214. In its Disclosure Statement (Form 8275) filed with this Amended Return, plaintiff explained its position concerning a credit for taxes paid to Luxembourg as follows:

1. **Foreign Tax Credit - Luxembourg Fiscal Unitary Group Income Tax**. Guardian Industries Europe, S.a.r.l. (hereinafter GIE) timely filed Form 8832, Entity Classification Election, making its election in accordance with Reg § 1.301.7701-3 to be "a foreign eligible entity with a single owner electing to be disregarded as a separate entity" effective January 1, 2001. On or about March 12, 2001, the Internal Revenue Service gave its acknowledgement to GIE via written notice that GIE would be treated as a disregarded entity. As such, in accordance with Reg § 1.301.7701-2(a), for U.S. tax purposes GIE is treated in the same manner as that of a branch of IHC. GIE owns shares directly and indirectly of several Luxembourg corporations engaged in, or related to active manufacturing operations in Luxembourg. This Luxembourg group of corporations (fiscal unitary group, hereafter FUG) files a consolidated income tax return in accordance with Luxembourg law for determining the FUG's consolidated income tax liability, paying of that liability, and reporting of the corporate income tax (Impot sur la revenu and related surcharges). In accordance with Luxembourglaw [sic], GIE was liable for, and paid or accrued the FUG corporate income taxes for all FUG members. Taxpayer has determined that pursuant to Luxembourg law, the FUG members other than the parent, GIE do not have any liability

> (joint, several, or otherwise) for the FUG consolidated corporate income taxes and Reg § 1.901-2(f)(3) therefore does not apply. Accordingly, in this amended return, no portion of the FUG consolidated corporate income taxes paid or accrued by GIE have been allocated to the other members of the FUG. Instead, in accordance with Reg § 1.901-2(f)(1), the consolidated corporate income tax of the Luxembourg FUG is properly treated as paid or accrued by GIE. Given GIE's status as a branch of IHC, in this amended tax return, Taxpayer has reported the Luxembourg FUG consolidated corporate income taxes as paid or accrued by IHC.

On October 16, 2002, Guardian filed with the IRS a second Form 1120X for 2001, reflecting an adjustment concerning Indian Income taxes unrelated to the issues involved in this litigation. In this second Form 1120X for 2001, a net overpayment of $2,724,752 is claimed.

No action having been obtained on the refund claims by the IRS, on December 23, 2002, plaintiff timely filed its Complaint, seeking a refund judgment in this matter. Jurisdiction is present pursuant to 28 U.S.C. § 1491.

## **Discussion**

The issue presented by this litigation is whether Guardian is entitled, pursuant to section 901 of the Internal Revenue Code[1/] and the applicable Treasury Regulations, to a direct foreign tax credit for the 2001 LIR tax paid or accrued by GIE (IHC) with respect to the taxable income of the Guardian Luxembourg Group.

Defendant opposes the direct foreign tax credit plaintiff claims asserting that Luxembourg law does not render GIE (IHC) solely liable for the LIR tax paid or accrued with respect to the Guardian Luxembourg Group, that each member of the Group becomes jointly and severally liable for the Group's aggregate tax liability, and

---

[1/] Unless otherwise indicated, "section" or "code" references are to the Internal Revenue Code of 1986, as amended and "Treasury Regulation" references are to the Treasury Regulations promulgated under the Code.

that Treas. Reg. § 1.901-2(f)(3) allocates the foreign tax among them regardless of who actually remits the tax.[2]

Treasury Regulations and case law establish that the person on whom foreign law imposes legal liability for the foreign income tax is the person by whom the tax is considered paid, for Section 901 purposes. Treas. Reg. § 1.901-2(f)(1); *Biddle v. Commissioner*, 302 U.S. 573, 580-581 (1938); *Norwest Corp. v. Commissioner*, 69 F.3d 1404, 1407 (8th Cir. 1995).

Plaintiff asserts that under Luxembourg law GIE (IHC) alone was legally liable for the 2001 LIR tax, not the other Group members, and Guardian is thereby entitled to a direct foreign tax credit under Code Section 901.

In order to resolve this conflict, a ruling on Luxembourg law is required. Pursuant to RCFC 44.1, in determining foreign law, the court "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." By Order, filed March 9, 2004, the parties were requested to "explore all possibilities and procedures, if any, for obtaining evidence from an appropriate Luxembourg official(s) or tribunal (advisory opinion) with respect to the Luxembourg law issues involved in this matter . . . ." *See United States v. Schultz*, 333 F.3d 393, 400-401 (2nd Cir. 2003) cert. denied, 540 U.S. 1106 (2004) (testimony by government officials); *Sidali v. INS*, 107 F.3d 191, 197-8 (3rd Cir. 1997) (diplomatic note). The usual method for presenting foreign law is expert testimony accompanied by extracts from foreign legal materials. *Jinro Am. Inc. v. Secure Inv., Inc.*, 266 F.3d 993, 1000 (9th Cir. 2001).

---

[2] Treas. Reg. § 1.901-2(f)(3) reads as follows:

> **(3) Taxes paid on combined income**. If foreign income tax is imposed on the combined income of two or more related persons (for example, a husband and wife or a corporation and one or more of its subsidiaries) and they are jointly and severally liable for the income tax under foreign law, foreign law is considered to impose legal liability on each such person for the amount of the foreign income tax that is attributable to its portion of the base of the tax, regardless of which person actually pays the tax.

The parties have presented reports from experts in Luxembourg law. Plaintiff has submitted reports from: Professor Doctor Alain Steichen, a partner in the Luxembourg law firm of Bonn Schmitt Steichen, a Professor of tax law at Centre Universitaire de Luxembourg, and the author of numerous publications concerning Luxembourg tax law; Roger Molitor, an international tax partner in the accounting firm of KPMG, Managing Partner of the KPMG Tax Advisers, Luxembourg, who has practiced as a professional, specializing in Luxembourg tax matters for the last 25 years; Carlo Mack, Deputy Tax Director, Luxembourg Administration des Contributions Directes responding to a letter, dated March 22, 2004, from Roger Molitor and Patrick Goldschmidt, KPMG Tax Advisors. Defendant has presented reports from André Elvinger, an Avocat à la Cour, admitted to practice in the Grand-Duchy of Luxembourg in all courts, including the administrative courts dealing with tax matters. Maitre Elvinger was admitted to the Luxembourg bar in 1953 and served as President of the Bar in 1986 and 1987. He has published numerous articles in the field of tax law and is a member of the International Fiscal Association since 1958. Maitre Elvinger is a founder and partner in Elvinger, Hoss & Prussen, one of the leading law firms in Luxembourg, and has represented the Luxembourg Government and Luxembourg tax payers in tax litigation. Defendant also presents a response by Monsieur Carlo Mack to a letter dated April 21, 2004, from Mr. Rick Smith, Deputy Tax Attaché, Department of the Treasury, American Embassy, Paris, France and to matters discussed during a telephone conference on May 12, 2004, with IRS and Department of Justice officials.

As noted previously, all parties agree that Article 164bis of the LIR forms the statutory basis for the consolidated taxation involved in this litigation. This Article does not address joint and several liability of the Group members. In relevant part, for 2001 Article 164bis provided (in translation): "A fully-taxable resident company, the share capital of which is at least 99%-held, either directly or indirectly, by another fully-taxable resident company and which is economically and organizationally integrated into the latter may, upon approval by the Ministry of Finance, be assimilated for corporate income tax purposes to a permanent establishment of the parent company." Article 164bis also provided that "(5) A Grand-ducal decree shall determine the terms and conditions for the above-mentioned special regime."

The Grand-ducal decree, dated July 1, 1981, adopted pursuant to Article 164bis, paragraph 5 provides, in relevant part (translated):

Article 1

(1) Should a tax consolidation regime apply for a group of companies, the parent company and the subsidiary companies that are assimilated to permanent establishments of the parent company must have the same opening and closing dates for their respective fiscal years. Each entity of the group has to determine its own annual tax result and has to file a tax return as if it would not be a part of the group. The parent company must furthermore file a tax return including the taxable income of the group obtained by adding or compensating the fiscal results of companies members of the group and by deducting from this amount special allowable expenses incurred by these companies. If the tax consolidation regime leads to a double taxation or a double deduction, this effect has to be neutralized by an appropriate adjustment to the group global result.

. . . .

(4) The parent company is liable for corporate income tax corresponding to taxable income of the group, computed in accordance with above-mentioned rules. It is also liable, in accordance with Article 135 Income Tax Law, to pay corporate income tax advances computed on the basis of above-mentioned taxable income.

Defendant's expert, Maitre Elvinger, opines that, while Article 164bis does not contain any provision regarding joint or several liability to tax, paragraph 7 StAnpG[3/] applies and results in joint and several liability of the parent and subsidiaries. In translation, paragraph 7 reads as follows:

(1) Persons who owe the same tax law obligation or who are liable separately for the same tax obligation, are jointly and severally liable.

---

[3/] Maitre Elvinger explains that German law introduced in Luxembourg under German occupation during the Second World War, having been maintained by Luxembourg post-war legislation, governs basic tax law. Of broadest application is the Steueranpassungsgesetz of October 16, 1934, "StAnpG" which is now generally referred to as "Loi d´adaptation fiscale" and governs basic concepts of tax law, including definitions and interpretation rules applicable to all taxes.

> (2) Persons who are to be assessed together or who are jointly to be made subject to a tax, are jointly and severally liable. This applies even where one or more of these persons would have been free of tax if they had been assessed separately or made subject to tax separately.

Plaintiff's expert, Professor Steichen, responds that in order for StAnpG § 7 to apply there must exist "a specified provision of tax law determining that, in a given particular situation, two or more taxpayers 'owe/are liable for the same tax obligation' or are 'assessed together' or 'jointly made subject to a tax,' i.e., that one of the conditions precedent is met." Professor Steichen cites several examples where a Luxembourg tax law has requisite language, such as that for the municipal business tax, Abgabenordnung § 114, "haftet sie für diejenigen Steuern" (it is liable for the same taxes). By contrast, Professor Steichen notes that no provision of Article 164bis or the Grand-ducal decree state that parent and subsidiary owe/are liable for the same tax obligation or are assessed together, or are jointly made subject to the tax. Professor Steichen therefor "confirms that there can be no joint and several liability between parent and subsidiary for corporate income tax on group income, because none of the conditions required by StAnpG § 7 is met."

Professor Steichen's conclusion that only the parent company is liable for the group income tax is shared by the Deputy Director of the Luxembourg Administration des Contributions Directes, Carlo Mack. The court is appreciative of Monsieur Mack's cooperation in responding to inquiries presented by both parties concerning Luxembourg tax matters. Monsieur Mack noted his agreement with the proposition that "the parent company (head of the tax grouping) is the sole debtor of the corporate income tax of the group, . . . ." Monsieur Mack also answered defendant's inquiry as to a computation of the portion of consolidated taxable income attributable to each member by responding, "The Luxembourg tax law requires determination of separate and individual taxable income of all companies that are members of the group, but it doesn't provide a determination to the separate tax liability that is only attributable to the parent company, sole debtor pursuant to the Grand-ducal Decree of 1981."

The manner in which the regime under Article 164bis is administered by the Luxembourg tax authorities is also consistent with the parent company having sole liability for the consolidated group corporate income tax. While individual member of the group file tax returns, the income or losses of the members are attributed to the parent who files a consolidated return and receives the notice of assessment for the

LIR tax and the members each receive an assessment notice indicating zero taxable income.

## Conclusion

There are no material facts at issue which would preclude reaching a decision on the excellent briefing presented by the parties in this matter. The reports submitted by the experts are comprehensive and helpful. Upon careful analysis of the materials presented it is concluded that under Luxembourg Law GIE (IHC) was solely liable for the 2001 LIR payments or accruals made for the consolidated taxable income of the Guardian Luxembourg Group and that there exists no joint or several liability on behalf of the member of this Group. As the liability under foreign law is imposed solely upon GIE (IHC), this entity is entitled to a direct credit pursuant to Code Section 901(b)(1). Accordingly, it is **ORDERED** :

(1) That plaintiff's Motion for Summary Judgment, filed May 13, 2003, shall be **GRANTED**;

(2) Defendant's Cross-motion for Summary Judgment , filed January 7, 2004, shall be **DENIED**;

(3) Counsel shall confer to reach agreement as to the refund amount resulting from the application of the tax credit for 2001 LIR payments or accruals;

(4) Absent prior agreement, on or before May 3, 2005, counsel shall file a status report(s) indicating the further proceedings, if any, required in this matter in order to obtain a final resolution as to the amount of recovery.

s/ James F. Merow
James F. Merow
Senior Judge