**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 02-1936 T**
**(Judge Merow)**

**GUARDIAN INDUSTRIES CORP. AND SUBSIDIARIES,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

**JOINT STATUS REPORT**

Pursuant to the Court's Opinion and Order of March 31, 2005, and the Court's Order of May 3, 2005, Plaintiff, Guardian Industries Corp. and Subsidiaries, files this Status Report on behalf of both itself and Defendant, the United States of America.

1. In its March 31, 2005 Order (the "Order"), this Court granted Plaintiff's Motion for Summary Judgment, dated May 13, 2003, and denied Defendant's Cross-Motion for Summary Judgment, dated January 7, 2004.

2. The Order also instructed counsel for the parties to confer and to reach agreement with respect to the overpayment amount resulting from the Court's resolution of the legal issue as reflected in the Opinion and Order. Absent such agreement, the Court instructed counsel to file status reports, on or before May 3, 2005, indicating the further proceedings, if any, required to obtain final resolution as to the amount of the recovery.

3. In response to a Joint Status Report filed by the parties on May 3, 2005, the Court issued an Order on May 3, 2005 (the "May 3 Order"), in which the Court instructed counsel to file, on or before June 6, 2005, either a stipulation as to the amount of the overpayment at issue or a status report.

4. In response to a Joint Status Report filed by the parties on June 6, 2005, the Court issued an Order on June 6, 2005, in which the Court instructed counsel to file, on or before June 27, 2005, either a stipulation as to the amount of the overpayment at issue or a status report.

5. On April 21, 2005, counsel for Plaintiff submitted to counsel for Defendant a draft Status Report and Stipulation of Fact Regarding Amount of Entry of Judgment (the "draft Status Report and Stipulation"), which sets forth the amount of the overpayment of tax at issue as computed by Plaintiff. Counsel for Defendant has consulted with the Internal Revenue Service regarding the computations relating to such draft Stipulation, and counsel for Defendant has advised that the Internal Revenue Service has not identified any concerns or issues relating to such computations.

6. Counsel for Defendant has represented to counsel for Plaintiff that Defendant's only outstanding question relating to this matter concerns the amount of the final assessment of income tax by the Luxembourg Government with respect to GIE (the parent company of the Luxembourg Group). The Luxembourg Government has advised Petitioners that the final assessment should be completed by the Government by the end of June 2005. Upon receipt, Petitioners will share the final assessment with Defendant, and the parties can either confirm the current computation of the overpayment or make any appropriate change to take into account the final assessment.

7. Based on the foregoing, the parties request that the Court issue an order which sets as July 27, 2005 the date for filing of a stipulation as to the amount of the overpayment at issue.

Respectfully submitted,

June 27, 2005
Date

/s/______________________________
A. DUANE WEBBER
Baker & McKenzie
815 Connecticut Ave., NW
Washington, DC 20006-4078
(202) 452-7040
Attorney for Plaintiff

GEORGE M. CLARKE III
Baker & McKenzie
815 Connecticut Ave., NW
Washington, DC 20006-4078
(202) 452-7068
Of Counsel